# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2672 | **DATE** | 7/16/2001 |
| **CASE TITLE** | Lee's Scrap Metal Co. vs. Electronic Recovery Specialists, In | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In sum, this Court strikes the entire Answer. Leave is however granted to file a self-contained Amended Answer in conformity with this opinion, such pleading to be filed in this Court's chambers on or before July 27, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 17 2001 date docketed | 4 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7/17/2001 | |
| SN | courtroom deputy's initials | FILED FOR DOCKETING 01 JUL 17 AM 7:51 Date/time received in central Clerk's Office | date mailed notice SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEE'S SCRAP METAL COMPANY,            )
                                       )
                Plaintiff,             )
                                       )
        v.                             )   No.  01 C 2672
                                       )
ELECTRONIC RECOVERY SPECIALISTS,       )
INC., et al.,                          )
                                       )
                Defendants.            )

DOCKETED

JUL 17 2001

MEMORANDUM OPINION AND ORDER

Electronic Recovery Specialists, Inc. ("Electronic") and Davis Gilbert ("Gilbert") have filed their Answer to Complaint in response to the action brought against them by Lee's Scrap Metal Company ("Lee's"). This memorandum opinion and order is issued sua sponte to address and require the correction of some problematic aspects of the Answer.

As a purely procedural matter, defense counsel has failed to conform to the requirement of this District Court's LR 10.1, which requires every responsive pleading to state the substance of each of the adversary's allegations, to be followed by the respective responses (a requirement that is most often complied with by repeating a complaint's allegations in haec verba, rather than counsel's seeking to paraphrase those allegations). That requirement has as its obvious purpose the much greater ease of reading a single self-contained pleading to see what matters are and what are not being placed in issue, rather than having to jump back and forth between a separate complaint and a separate

answer.

If that were the only problem posed by the Answer, this Court would not have taken the occasion to write on the subject, because in this instance the complaint is not excessively lengthy and the level of inconvenience is accordingly diminished. But because more serious difficulties afflict the Answer and defense counsel must return to the drawing board in any event, the Amended Answer called for by this memorandum opinion and order is expected to conform to LR 10.1.

Where the Answer gets into substantive difficulty is in the manner in which Answer ¶6 responds to Complaint ¶6. Here are those paragraphs, set out seriatim:

> On or about November 22, 1999, Lee's entered into a written contract entitled "Purchase Agreement" with Electronic Recovery and Gilbert. A true and correct copy of the Purchase Agreement is attached as Exhibit "A." Gilbert executed the Purchase Agreement on behalf of Electronic Recovery and himself personally.
>
> \*       \*       \*
>
> Defendants admit that Electronic Recovery Specialist entered into an agreement. Defendants deny that Mr. Gilbert personally entered into an agreement and affirmatively state that at all times, Mr. Gilbert was acting as an officer of Electronic Recovery Specialist, Inc.

Both that portion of the Answer and the Answer's asserted Affirmative Defense, which advances a statute of frauds claim on the premise that Gilbert did not individually sign the Purchase Agreement ("Agreement"), blithely ignore Agreement ¶7(G) (quoted

2

here verbatim):

> This agreement is personally guaranteed Mr. Davis Gilbert, and he may be held personally responsible for any breach of this Agreement.

And although it is quite true that the opening caption of the Agreement lists only Electronic as the "Seller," the signature page (photocopy attached) expressly refers to <u>both</u> Electronic and Gilbert himself as "Seller."

Electronic and Gilbert further attempt to escape the force of Agreement 7(G), which is made the subject of Complaint ¶8, by "stat[ing] that the document speaks for itself." That simply will not do as a device to escape the mandate of Fed. R. Civ. P. ("Rule") 8(b), which requires the unqualified admission or denial of each allegation unless a party can properly engage in the disclaimer of Rule 8(b)'s second sentence--see App. ¶3 of <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

There are a flock of other allegations of the Complaint that hinge on Gilbert's personal liability. In each instance Electronic and Gilbert deny them, again flying in the face of the already-referred-to provisions. This Court is at a loss to see how that position can be taken consistently with the mandate that Rule 11 imposes on every litigant and lawyer, and it is expected that the Amended Answer required by this opinion will cure that flaw (or perhaps, if there is indeed some good faith predicate

3

for taking a position so much at odds with the parties' documentation, will be accompanied by that explanation).

In sum, this Court strikes the entire Answer. Leave is however granted to file a self-contained Amended Answer in conformity with this opinion, such pleading to be filed in this Court's chambers (with a copy of course delivered to Lee's counsel) on or before July 27, 2001.

 _____
 Milton I. Shadur
 Senior United States District Judge

Date: July 16, 2001

IN WITNESS WHEREOF, the parties have executed this agreement the date first above written.

DATED:    **SELLER: THE ELECTRONIC RECOVERY SPECIALIST, INC.**

BY: _____  11-22-99

**SELLER: DAVIS GILBERT**

DATED:    **PURCHASER: LEE'S SCRAP METAL COMPANY**

BY: TZAN-JUIN (John) Lee, _____
**PURCHASER: JOHN LEE**
                            11-22-99